## Shiban v. Lightcap

---

*Steven R. Sosnov,* for plaintiffs.
*Robert J. Kerns,* for defendants.

TREDINNICK, *J.,* July 27, 1977 — Plaintiffs in this equity action seek to enjoin their neighbors, the Lightcaps, from causing lights to shine into the plaintiffs' premises, especially their bedroom, at night. Defendants have counterclaimed against plaintiffs for harassment.

The facts are as follows: Plaintiffs and defendants occupy neighboring residences on the west side of Godshall Road, Franconia Township. Defendants' driveway is located along the common boundary between the two properties. Defendants maintain a lamppost on their property which illuminates a portion of their driveway and front walk at night. Defendants also maintain a light over their garage at the end of the driveway. In July of 1975, plaintiffs began to make numerous complaints to the local police concerning defendants' lights. The principal complaint was that the lamppost light was shining so brightly into plaintiffs' bedroom that they were unable to sleep. Plaintiffs had made complaints to the police about the same problem in the summer of 1971. At trial, Officer Shaner of the Franconia Township Police Department testified that the light in plaintiffs' bedroom was bright enough to read by. While plaintiffs admitted that light could be eliminated by drawing the window shade, they testified that this prevented proper ventilation. Both plaintiffs' attorney and the local District Justice wrote defendants suggesting that they shade their light away from the plaintiffs' home. This was not done, and the instant action followed.

The principles of law involved may be simply

stated. Equity may protect one from a non-trespassory invasion of another's interest in the private use and enjoyment of his land if it be intentional, unreasonable and substantial: Restatement Torts §822; Waschak v. Moffat, 379 Pa. 441, 109 A.2d 310 (1954).

An invasion of another's interest is intentional when the actor knows that the invasion is resulting from his own acts: Restatement Torts §825(b). Since defendants herein were given clear notice that their light was interfering with plaintiffs' sleep the required intent is present.

In determining the reasonableness of an invasion of another's interest the court will consider, inter alia, the practicality of preventing or avoiding the invasion: Restatement Torts §830.* We think it clear that defendants could, at minimum expenditure, shield the light so as to prevent its shining directly into plaintiffs' bedroom window. Furthermore, such a solution could be accomplished without interfering with illumination of their driveway and walk. And while it may be that plaintiffs could alleviate the problem by use of window shades, it is more equitable for the one who is causing the problem to be the one who must act to avoid it: Restatement Torts §827, Comment g. Defendants' failure to take the simple measures needed to direct the light away from plaintiffs' home is unreasonable.

Finally, light from an adjoining property which is so intense that one can read by it is substantial enough to constitute a nuisance: Harvey v. Jepko,

---

* ". . . an intentional invasion of another's interest in the use and enjoyment of land is unreasonable and the actor is liable when the harm is substantial and it would be practicable for the actor to avoid the harm in whole or in part without undue hardship."

32 Northumb. L. J. 193 (1960). Particularly in a residential area such as Godshall Road, the level of intensity described by witnesses would seriously disturb a person of ordinary sensibilities. Requiring the Lightcaps to cap their light is therefore the appropriate remedy. See Hetzer v. Paparo, 89 Montg. 142 (1968); Hindman v. Marlatt, 115 Pitt. L. J. 429 (1967).

The counterclaim of defendants alleging harassment is dismissed since plaintiffs' complaints were based on a legitimate interest, and no damage to defendants' reputation was shown. Furthermore, plaintiffs' request for damages is rejected, as none were proven.

## DECREE NISI

And now, July 27, 1977, defendants, Luther Lawrence Lightcap and Joyce Lightcap, are directed to shield their light post so that light does not shine on the Shibans' dwelling.

Unless exceptions are filed within 20 days of notice hereof, this decree shall be entered by the prothonotary as the final decree of the court upon praecipe filed.